IN THE UNITED STATES DISTRICT COURT

Beata Shapiro
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300
Attorneys for Defendants
2810026 CANADA LIMITED, 2810034 CANADA LIMITED
AND FREDERICK GROUP INC.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
JEFFREY ROTH, :
    Plaintiff :
 :
 :
    -against- :
 :
2810026 CANADA LIMITED LTD, 2810034 CANADA : **Case No. 1:13-cv-00901**
LIMITED, FREDRICK GROUP INC. and SINGH :
AMARJIT, : **RJA-LGF**
    Defendants :
 :
2810026 CANADA LIMITED, 28100 CANADA :
LIMITED and FREDERICK GROUP, INC., :
    Defendants/Third Party Plaintiffs :
 :
    -against- :
 :
PAMELA J. BAUMAN :
    Third Party Defendant :

 :
PAMELA J. BAUMAN, :
    Plaintiff, :
 :
    -against- : **Case No.: 1:15-cv-00374-RJA**
 :
2810026 CANADA LIMITED LTD., 2810034 CANADA : **AFFIRMATION IN**
LIMITED, FREDERICK GROUP INC. and SINGH : **OPPOSITION TO**
AMARJIT, : **PLAINTIFF'S MOTION TO**
    Defendants. : **COMPEL DEFENDANT'S**
 : **DEPOSITIONS**
 :
------------------------------------------------------------------- x

1

1157190v.1

I, Beata Shapiro, am an attorney duly admitted to practice before the Courts of the State of New York hereby affirms the following to be true under penalties of perjury:

1. I am an attorney with the law offices of WILSON ELSER MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for Defendants 2810026 CANADA LIMITED, 2810034 CANADA LIMITED and FREDERICK GROUP INC., in the above-captioned action and as such, I am fully familiar with the facts alleged herein based on a review of the file maintained by the aforementioned law firm with respect to this matter.

2. I make this affirmation in opposition to Plaintiff's Motion to Compel the depositions of the Defendants and request that this Honorable Court deny the Plaintiff's Motion. Defendants further request that the deadlines in the Scheduling Order be extended by 90 days with respect to the Defendants only.

3. The Defendants should not be compelled to undergo deposition until after such time that Plaintiff, Bauman's depositions has been conducted.

4. Whereas Bauman has never noticed the Defendants' depositions, the Defendants noticed Bauman's deposition several times, the first time being over two years ago on March 20, 2014. **Exhibit A.** Bauman was originally only a third-party Defendant in the related and consolidated Roth matter at the time. Due to her filing of a separate claim for her own alleged personal injuries and the consolidation of the two cases, her deposition as noticed in the Roth matter did not go forward.

5. Defendants next noticed Bauman's deposition on March 27, 2015 and again on June 10, 2015 after Bauman failed to properly respond to defendants' written discovery in time for her scheduled deposition date. **Exhibits B and C.** At some point the parties agreed to move forward with both Roth's and Bauman's depositions on January 27, 2016 contingent on plaintiffs

2

completing with discovery requests. However, as the date approached, Bauman remained non-compliant with written discovery. Specifically, Bauman failed to produce documents such as medical authorizations, bills, tax returns and other documents, all of which necessitated review by Defendants' counsel prior to taking Bauman's deposition. Because the requested documents relate to the core of Plaintiffs' alleged damages, the defendants would be prejudiced should Bauman's deposition go forward without the benefit of the requested documents. Consequently, the defendants were forced to file a Motion to Compel Bauman to comply with written discovery, which Motion was filed on December 30, 2015 and officially granted on February 3, 2016. **Exhibit D.**

6. On January 27, 2016, the day after a hearing on the defendants' Motion to Compel where the Court order Bauman to produce tax, medical, expense and other records, Roth's deposition went forward but Bauman's was continued pending Bauman's compliance with the Court order.

7. Despite numerous requests from defense counsel, some but not all of Bauman's tax returns were produced on April 5, 2016. **Exhibit E.**

8. On June 3, 2016, Defendants' counsel sent a letter to Bauman's counsel requesting production of outstanding billing records, wage and employment documentation, social security records and proof of out-of-pocket expenses by June 17, 2016. **Exhibit F.** On June 14, 2016 Bauman faxed some records as to medical expenses but still has not provided some of the medical and other records or supplemental responses to discovery requests for production and Interrogatories or even certifying whether the records provided are complete and responses accurate.

9. Nonetheless, in an effort to complete discovery, a re-notice for Bauman's deposition was served on June 7, 2016 for June 30, 2016 with a request that Bauman's counsel confirm her availability. **Exhibit G.** To date, neither Bauman's counsel for her personal injury claims nor her defense counsel have responded to confirm the date or advise that she is not available.

10. CPLR Rule 3106 provides that a defendant shall have the initial opportunity to take depositions.

11. Furthermore, it is clear from the sequence above, that Defendants noticed Bauman's deposition first and in continuing to notice the deposition, Defendants' preserved their right to priority of deposition. See Serio v. Rhulen et al., 29 AD. 3d 1195 (2006). Plaintiff cannot and has not shown that Defendants abandoned their right to priority of deposition or that special circumstances exist which would merit the loss of that priority.

12. Where the Defendants initially noticed Bauman's deposition as far back as March 20, 2014 and were required to reschedule the deposition first because of Bauman's addition of her own claims for personal injury and subsequently due to Bauman's failure to comply with discovery, the Defendants should be allowed to proceed with Bauman's deposition prior to having their respective depositions taken. Allowing Bauman's Motion would reward her obstructionist behavior, failure to comply with a Court order, and serve only to incentivize additional lack of compliance with Court rules. Furthermore, the Defendants remain unduly prejudiced with respect to the claims of both Roth and Bauman since Bauman was the driver of the car in which Roth was a passenger at the time of the incident and much of Bauman's discovery productions as to her own claims for personal injuries, loss of income and other economic damages remain outstanding.

13. In light of the fact that Bauman's discovery remains outstanding, the Defendants request that the Scheduling Order deadlines be extended by 90 days as to the Defendants only in order to give Defendants' counsel an opportunity to review additional documents once they are received, conduct Bauman's deposition and follow up on any necessary additional discovery.

**WHEREFORE**, the Defendants, 2810026 CANADA LIMITED and 2810034 CANADA LIMITED TRANSPORTATION SERVICES, INC. respectfully request that this Court deny the plaintiff's Motion and allow the Defendants to move forward with Plaintiff Bauman's deposition prior to submitted for deposition themselves. Defendants further request that the Scheduling Order in this case be extended by 90 days as to the Defendants only.

Dated: June 14, 2016

                      Respectfully Submitted,
                      THE DEFENDANTS
                      2810026 CANADA LIMITED 2810034 CANADA
                      LIMITED AND FREDERICK GROUP INC.
                      By:    /s/ Beata Shapiro
                      Beata Shapiro
                      WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
                      260 Franklin Street, 14th Floor
                      Boston, MA 02110
                      (617) 422-5300
                      (617) 423-6917

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th of June, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

David W. Polak, P.C.
1370 Union Road
West Seneca, NY  14224
*Attorney for the Plaintiff*

Courtesy Copy by Mail:
Adam Ferrandino, Esq.
110 Pearl Street, Suite 400
Buffalo, NY 14202
*Attorney for Third-Party Defendant*

                                                                                       */s/    Beata Shapiro*

                                                                                       Beata Shapiro