UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY ROTH,

                       Plaintiff,

   v.

2810026 CANADA LIMITED LTD.,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SINGH AMARJIT,

                  Defendants
           Third-Party Plaintiffs,

   v.

PAMELA J. BAUMAN,

       Third-Party Defendant.
_____

PAMELA BAUMAN,

                  Plaintiff,

   v.

2810026 CANADA LIMITED,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SINGH AMARJIT,

                 Defendants
_____

**13-CV-901A(F)**

**DECISION
and
ORDER**

**15-CV-374A(F)**

APPEARANCES:        DAVID W. POLAK, ESQ.
                             Attorney for Plaintiffs
                             3686 Seneca Street
                             West Seneca, New York   14224

                             WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
                             Attorneys for Defendants
                             BEATA SHAPIRO, of Counsel
                             260 Franklin Street, 14th Floor
                             Boston, Massachusetts   02110

FELDMAN KIEFFER, LLP
Attorney for Third-Party Defendant
ADAM C. FERRANDINO, of Counsel
110 Pearl Street, Suite 400
Buffalo, New York  14202


This personal injury action, based on a collision between Plaintiffs' auto and Defendants' truck, was removed on September 4, 2013 based on diversity.  Dkt. 1.  Before the court are Plaintiffs' motion to compel Defendants' depositions (Dkt. 46) filed June 10, 2016 ("Plaintiffs' motion"), Defendants' request, Dkt. 47 ¶¶ 2, 13, to extend the Amended Scheduling Order (Dkt. 45) ("Defendants' Request"), and Defendants' motion, filed July 12, 2016 (Dkt. 26), to continue, *i.e.*, reschedule, oral argument presently scheduled before the undersigned for July 20, 2016 on Plaintiffs' motion based on unavailability of Defendants' counsel ("Defendants' motion").  In support of Plaintiffs' motion, Plaintiffs essentially contend that Defendants' failure to cooperate in the scheduling of Defendants' depositions is based on Defendants' mistaken belief that Plaintiffs have failed to comply fully with the court's Decision and Order, filed February 3, 2016, Dkt. 24 ("the February 3, 2016 D&O"), granting Defendants' motion to compel directing Plaintiff Bauman ("Bauman") provide documents such as medical and employment records and tax returns.  In opposition, Defendants contend that Defendants cannot be deposed until Bauman's deposition, is complete, and that Defendants, absent Bauman's full compliance with the court's direction to produce documents relating to Bauman's alleged damages, having noticed Plaintiffs' deposition first, thus establishing Defendants' priority of deposition practice in this case, cannot be deposed until Bauman's deposition has been completed with the benefit of the disputed documents.  Dkt. 47 ¶¶ 10-11 citing N.Y.C.P.L.R. 3106(a) ("§ 3106(a)"); *Serio v. Rhulen,*

2

815 N.Y.S.2d 320, 322-23 (3d Dept. 2006) (citing caselaw that under § 3106(a) a defendant has a priority in the taking of a plaintiff's deposition). See Dkt. 46-5 at 1 (when Defendants receive Bauman's "full records" Defendants will "take her deposition"); Dkt. 46-8 (Plaintiffs assert that "by way of priority the Defendants should be deposed next").

However, where, as here, a case is removed to this court, upon removal, state procedure law is inapplicable to the action. Fed.R.Civ.P. 81(c)(1) (Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court"). Under Fed.R.Civ.P 26(d)(3)(A) absent a stipulation or court order, the "method of discovery may be used in any sequence." Here, Defendants cite no such stipulation or court order establishing Defendants' priority with respect to the taking of Bauman's deposition. Thus, Defendants' reliance on § 3106(a) and related New York caselaw to establish Defendants' priority in taking Bauman's deposition is inapposite. Moreover, the court fails to see (and Defendants do not explain) why, even assuming Bauman has failed to provide all required records relating to Bauman's damages as Defendants assert, that such lack of production would prejudice Defendants' ability to defend Defendants' depositions sought by Plaintiffs, directed primarily, as is likely, to the issue of Defendants' negligence. See Dkt. 50 ¶ 10 (noting that Defendants' deposition "go to liability in the case"). If Defendants genuinely believe Bauman has failed to comply with Bauman's document production obligation as ordered by the court in the February 3, 2016 D&O, Defendants may move to compel and for sanctions pursuant to Fed.R.Civ.P. 37(b)(2).

As to Defendants' Request, Third-Party Defendant Bauman (Dkt. 49 ¶ 12) does not oppose Defendants' Request and although Plaintiffs complain of Defendants' delay,

Plaintiffs' do not specifically oppose Defendants' Request.  See Dkt. 50 ¶¶ 8-9.  Based on the instant (and meritless) discovery dispute it is nevertheless unlikely that Defendants' deposition can be conducted by the present discovery cut-off date of July 29, 2016 (Dkt. 45 ¶ 2).  However, because there are no grounds in federal law for Defendants' failure to comply with Plaintiffs' prior deposition notices at this time, Defendants' Request that such extension be limited to Defendants discovery, Dkt. 47 ¶ 2, is without merit.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion, Dkt. 46, is GRANTED; Defendants' depositions shall be conducted within 45 days of this Decision and Order; Defendants' Request, Dkt.47, is GRANTED in part and DENIED in part; Defendants' motion, Dkt. 26, is DISMISSED as moot.  A Second Amended Scheduling Order extending the respective dates by 90 days will be entered contemporaneous with this Decision and Order.  Oral argument on Plaintiffs' motion for July 20, 2016 is hereby CANCELLED. Defendants shall show cause why Plaintiffs' expenses, including reasonable attorneys fees, incurred in connection with Plaintiffs' motion should not be granted pursuant to Fed.R.Civ.P. 37(a)(5)(A) not later than **July 29, 2016**; Plaintiffs' response shall be filed not later than **August 8, 2016**.  Oral argument shall be at the discretion of the court. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: July 18, 2016
       Buffalo, New York

4