UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFREY ROTH,

        **Plaintiff**

v.

2810026 CANADA LIMITED LTD.,
2810034 CANADA LIMITED,
FREDERICK GROUP, INC. and
SINGH AMARJIT,

        **Defendants**

Case No. 1:13-cv-00901-RJA

<u>NOTICE OF MOTION TO COMPEL & AFFIDAVIT OF DAVID W. POLAK, ESQ. (ORAL ARGUMENT REQUESTED)</u>

---

2810026 CANADA LIMITED LTD.,
2810034 CANADA LIMITED,
FREDERICK GROUP, INC. and
SINGH AMARJIT,

        **Defendants/Third-Party Plaintiffs**

v.

PAMELA BAUMAN,

        **Third-Party Defendant**

---

I, DAVID W. POLAK, ESQ., am an attorney duly licensed to practice law before the United States District Court for the Western District of New York, and state the following under the penalty of perjury:

1. I am counsel to both Plaintiffs, ROTH and BAUMAN and I respectfully submit this Affirmation in further support of Plaintiffs' Motion to Compel Discovery from defendants SINGH AMARJIT (proper name AMARJIT SINGH), 2810026 CANADA LIMITED LTD. (proper name 2810026 CANADA LIMITED), 2810034 CANADA LIMITED, and FREDRICK GROUP, INC. representatives or counsel, pursuant to Fed. R. Civ. Pro. 30.

2. I have received and reviewed the Reply Affidavit of Adam C. Ferrandino, Esq. dated December 13, 2016. I agree with and incorporate by reference herein Mr. Ferrandino's Affidavit.

3. Good faith attempts were made by Mr. Ferradino and myself to obtain responses to outstanding discovery after the demands were made on the record and are contained in the deposition transcripts of Defendant's witnesses from August of 2016.

4. It is without question that Ms. Shapiro has and continues to owe a duty and an obligation to opposing counsel to disclosure documents, names, address and phone numbers of individuals who would have knowledge of the events or claims made in this action.

5. Fed. R. Civ. Pro. 26 Requires the following disclosure:

(1) *Initial Disclosure.*
(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

6. The demands for company policies and procedures, acknowledgments signed by corporate defendant's driver, accident reports, names of entities that may be parties to this action and/or entities that have insurance policies available to cover the loss sustained by the Plaintiffs are all necessary and relevant discovery required under Rule 26 as well as Rule 34.

7. It was learned during the deposition of Defendant's witnesses Keith Goodyear that the trailer attached to the tractor involved in the collision was owned by Mr. SINGH but allegedly registered to an unidentified company located in Moline Illinois. Clearly, the name and insurance policy covering that trailer and any policies of insurance covering the products being shipped during transit may also provide insurance coverage to the Plaintiffs.

8. In addition, there is a Quallcom accident reporting system in the Tractor-Trailer for this collision that reported the collision, communicated with Mr. Goodyear when the collision occured, and contains communications between the driver and the shipper regarding the facts of the accident. All of which should have been disclosed to allow the parties to investigate and prosecute their claims, but have never been turned over.

9. The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case. _Engl v. Aetna Life Ins. Co._ (C.C.A.2d, 1943) 139 F.(2d) 469; _Mahler v. Pennsylvania R. Co._ (E.D.N.Y. 1945).

10. Here, Mr. Shapiro failed to respond to myself or Mr. Ferrandino and on the last minute before responding to the Plaintiffs' motion, issues a letter stating that the items demanded were not placed in a formal Rule 34 demand.

11. As properly articulated by Mr. Ferrandino and supported by the case of Trask v. Olin Corp. 298 F.R.D. 244, 260 (W.D.Pa March 4, 2014), an informal letter requesting production may be sufficient. Here, demands were made during depositions and also in four (4) separate writings as requested by Ms. Shapiro herself during the depsotions. No objections and no responses ever followed, until after Plaintiff's Motion to Compel was filed.

12. While Ms. Shapiro claims erroneously that Plaintiff BAUMAN is not complying with production of medical records, bills, etc., Ms. Shapiro has not fully complied with her own Rule 26 disclosures, even after myself and Mr. Ferrandino made various demands on the record nearly Four (4) months ago seeking these documents and names and addresses of new entities that were never previously disclosed until the time of the depositions, which were only conducted after Plaintiffs' counsel made a First Motion to Compel Depositions.

**WHEREFORE,** Plaintiffs ROTH and BAUMAN both respectfully request that the Court grant their relief sought, extend the Scheduling Order to complete discovery and grant such other and further relief as the Court shall deem just and proper, including costs, fees and expenses.

DATED: December 14, 2016
West Seneca, New York 14224

Respectfully Submitted,

 

DAVID W. POLAK, ESQ.
*Attorney for Plaintiffs ROTH and BAUMAN*
1370 Union Road
West Seneca, New York 14224
(716) 675-2889

TO:    Adam Ferrandino, Esq.
*Attorney for Third-Party Defendant*
110 Pearl Street, Suite 400
Buffalo, New York 14202
(716) 852-5875

Beata Shapiro, Esq.
*Attorney for Defendants/Third-Party Plaintiffs*
1010 Washington Boulevard
Stamford, CT 06901
(203) 388-9100

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Wilson Elser Moskowitz Edelman & Dicker LLP
1010 Washington Boulevard
Stamford, CT 06901
*Attorney for the Defendants*

Adam Ferrandino, Esq.
110 Pearl Street, Suite 400
Buffalo, NY 14202
*Attorney for the Third-Party Defendant*

/S/ David W. Polak, Esq.
David W. Polak, Esq.