UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY ROTH,

                Plaintiff,

   v.

2810026 CANADA LIMITED LTD.,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SINGH AMARJIT,

                Defendants
         Third-Party Plaintiffs,
   v.

PAMELA J. BAUMAN,

     Third-Party Defendant.
_____

PAMELA BAUMAN,

                Plaintiff,

   v.

2810026 CANADA LIMITED,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SINGH AMARJIT,

                Defendants
_____

**13-CV-901A(F)**

**DECISION
and
ORDER**

**15-CV-374A(F)**

APPEARANCES:         DAVID W. POLAK, ESQ.
                          Attorney for Plaintiffs
                          3686 Seneca Street
                          West Seneca, New York   14224

                          WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
                          Attorneys for Defendants
                          BEATA SHAPIRO, of Counsel
                          260 Franklin Street, 14th Floor
                          Boston, Massachusetts   02110

1

FELDMAN KIEFFER, LLP
Attorney for Third-Party Defendant
ADAM C. FERRANDINO, of Counsel
110 Pearl Street, Suite 400
Buffalo, New York  14202

In this personal injury collision case involving Plaintiffs' auto and Defendants' tractor-trailer, by papers filed November 23, 2016 (Dkt. 58), and November 28, 2016 (Dkt. 59), Plaintiffs Roth and Bauman ("Plaintiffs")[1] moved, respectively, to compel production of certain documents requested during the depositions of Defendant Singh, the tractor-trailer driver, and Mr. Keith Goodyear ("Goodyear"), as a Rule 30(b)(6) deponent for Defendant 2810026 Canada Limited, d/b/a Defendant Frederick Group, Inc. ("Frederick Trucking").  Specifically, Plaintiffs seek (1) copies of all contracts between Singh and Frederick Trucking, (2) the address of Frederick Trucking's offices in Moline, Illinois, (3) Frederick Trucking's driver policies and procedures, (4) copies of any computer internet transmissions (Qualcom report) or other statements by Singh concerning the collision, (5) verifications of correct VINs for the tractor-trailer in order to confirm Defendants' insurance coverage, and (6) contact information for Singh's accountant ("Plaintiffs' requests").[2]

During oral argument, conducted December 21, 2016, Defendants' counsel offered to provide supplemental responses to Plaintiffs' requests in order to avoid the need for a judicial determination of Plaintiffs' motions.  Dkt. 64.  Accordingly, on December 30, 2016, Defendants informed Plaintiffs that Defendants (1) lack any Qualcom reports regarding the collision with Plaintiffs, (2) provided a copy of Singh's

---

[1]  Plaintiff Bauman moved in 13-CV-901A(F) as Third-Party Defendant and as Plaintiff in 15-CV-374A(F).
[2]  This letter request was made only by Plaintiff's counsel in 15-CV-374A(F).

2

handwritten memorandum as Singh's only statement regarding the circumstances of the collision, (3) confirmed Plaintiffs have previously been provided with all relevant driver policies and procedures manuals as Plaintiffs' and Third-Party Defendant Bauman previously requested, and (4) confirmed that the previously provided VINs match the insurance policies and driver's log previously provided to Plaintiffs thereby rendering unnecessary the need for Plaintiffs to serve further discovery upon Frederick Trucking in Moline, Illinois regarding this issue.  Dkt. 65-1, 1-6 ("Defendants' Submission").

Based on Defendants' Submission, counsel to Plaintiff Bauman representing Bauman, as Third-Party Defendant, found Defendants' Submission satisfactory and, on January 4, 2017, withdrew the motion on behalf of Bauman as Third-Party Defendant. Dkt. 68.  Receiving no similar communication from Plaintiff Roth and Bauman's counsel as Plaintiffs, the court directed Plaintiff Roth and Bauman's counsel to inform the court by January 6, 2017 as to whether Plaintiffs were satisfied with Defendants' Submission and whether Plaintiffs' motion was also withdrawn.  By letter of Plaintiffs' counsel, dated January 10, 2017, Roth and Bauman disputed the accuracy of the Singh written statement provided by Defendants in Defendants' Submission, reiterated Plaintiffs' complaint about Defendants' lateness in production of the requested documents and information during the deposition, disputed Goodyear's assertion that no Qualcom report had been transmitted to Frederick Trucking at the time of the collision and requested Goodyear's entire claim file in the matter, and repeated Plaintiffs' demands for copies of responsive policies and procedures based on Singh's previously stated inability to produce such documents (Dkt. 66).

However, whether a response to a production request pursuant to Fed.R.Civ.P. 34(a) is sufficient, does not depend on a requesting party's agreement with the contents of the documents produced.  Additionally, it is well-established that a party may not be compelled to produce documents that do not exist.  *See Hallmark v. Cohen & Slamowitz,* 302 F.R.D. 295, 299 (W.D.N.Y. 2014) (defendant not required to have audited financial statements, which did not exist, prepared so as to comply with plaintiff's discovery request (citing cases)).  Thus, that Plaintiffs wish to contest the authenticity or accuracy of Singh's hand-written statement, Dkt. 65-1 at 5-6, which Defendants represent is the only statement Singh made, is irrelevant to the merits of Plaintiffs' motion as are Plaintiffs' repeated demands for copies of the Defendants' driver's policies and procedures manuals, which Defendants represent were previously provided to Plaintiffs and are no longer in Defendants' possession.  Plaintiffs do not dispute that Defendants' Submission with regard to the tractor-trailer's VINs and related insurance coverage is satisfactory.  Thus, the only possible unresolved issue arising on Plaintiffs' motion is Plaintiffs' purported request asserted in Plaintiffs' November 11, 2016 e-mail to Defendants' attorney, for the name of Singh's accountant.  *See* Dkt. 58-3 at 2.  However, that demand according to Plaintiffs was made at page 48 of Singh's deposition and a copy of such transcript page was not included in Plaintiffs' motion papers.  Accordingly, as Plaintiffs' papers do not support this request, the court is unable to find that Defendants improperly failed to provide this information.  Further, as Plaintiffs' request to amend the Scheduling Order, Dkt. 66 at 3, is not in the form of a motion, it is also not considered by the court at this time.

Finally, although Plaintiffs also request costs and expenses of Plaintiffs' motion, Dkt. 58 at 3, pursuant to Fed.R.Civ.P. 37(a)(5) ("Rule 37(a)(5)"), the court finds that given the existence of contrasting caselaw within the Second Circuit with regard to the obligation of a party to respond to an oral production request made initially during a deposition and later confirmed by letter, *compare Schwartz v. Marketing Publishing Company*, 153 F.R.D. 16, 21 (D.Conn. 1994) ("*Schwartz*") (refusing to enforce oral deposition and letter request for production absent properly served Rule 34(a) production request), *with Employers Ins. Company of Wausau v. Nationwide Mutual Fire Ins. Co.*, 2006 WL 1120632, *2 (E.D.N.Y. Apr. 26, 2006) ("*Wausau*") (enforcing defendant's oral request made at deposition followed by confirming letter in lieu of formal Rule 34(a) production request being served on plaintiffs), Defendants' failure to earlier respond to Plaintiffs' requests was substantially justified thereby negating the prerequisite for an award of sanctions pursuant to Rule 37(a)(5).  A party refusing discovery is substantially justified in refusing discovery where a "genuine dispute" existed or "'if reasonable people could differ as to the appropriateness of the contested action,'" *Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (internal citations and brackets omitted)), such as where a party believed caselaw supported its position.  *Id.* (citing *Maddow v. Proctor & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997)).  "Whether a party was substantially justified in resisting discovery is determined by an 'objective standard of reasonableness and does not require that the party have act in good faith.'"  *Underdog Trucking, L.L.C. v. Verizon Services Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting *Bourne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y.

1995) (citing *Pierce*, 487 U.S. at 565)).  Here, the contrasting rulings on whether Defendants were required to respond to Plaintiffs' demands as stated in the *Schwartz* and *Wausau* cases supports that Defendants' failure was substantially justified for the purposes of Rule 37(a)(5). Accordingly, the court finds Defendants' failure to timely respond to Plaintiffs' oral and letter requests for follow-up document production was substantially justified and does not warrant an award of Plaintiffs' costs and reasonable attorneys fees.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion (Dkt. 58) is DISMISSED as moot in part and DENIED in part; and Defendant/Third-Party Plaintiff's motion (Dkt. 59) is deemed WITHDRAWN and, as such, is DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 18, 2017
 Buffalo, New York