UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY ROTH,

                      Plaintiff,

                      Case # 13-CV-901-FPG

v.

2810026 CANADA LIMITED, et al.,

                      DECISION AND ORDER

                      Defendants.

PAMELA BAUMAN,

                      Plaintiff,

                      Case # 15-CV-374-FPG

v.

2810026 CANADA LIMITED, et al.,

                      DECISION AND ORDER

                      Defendants.

These cases arise from a two-vehicle collision that occurred in Buffalo in November 2011. Plaintiffs Pamela Bauman and Jeffrey Roth are, respectively, the driver and passenger of one vehicle. They bring personal injury claims against Defendant Amarjit Singh, the driver of the other vehicle, as well as against corporate entities related to Singh—Defendants 2810026 Canada Limited, 2810034 Canada Limited, and Frederick Group Inc. (the "Corporate Defendants").[1]

Before the Court are the Report & Recommendations ("R&Rs") of United States Magistrate Judge Leslie G. Foschio (ECF No. 86 in 13-CV-901 and ECF No. 71 in 15-CV-374), in which he recommends granting the Corporate Defendants' motions for summary judgment (ECF No. 87 in 13-CV-901 and ECF No. 56 in 15-CV-374), denying Roth's motion for summary

---

[1] Judge Foschio notes that the "relationship between the Corporate Defendants to [Singh's vehicle] is not clearly stated in the record." ECF No. 86 at 3 n.4 in 13-CV-901.

1

judgment (ECF No. 71 in 13-CV-901), denying Bauman's motion for summary judgment (ECF No. 70 in 13-CV-901), and denying as moot the Corporate Defendants' motion to dismiss (ECF No. 49 in 15-CV-374). Plaintiffs have filed objections to the R&Rs. ECF No. 88 in 13-CV-901; ECF No. 74 in 15-CV-374.

Generally, a court reviews portions of an R&R to which a party makes specific objections *de novo.* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When a party does not object to the R&R, however, the court will review it for clear error. *EEOC v. AZ Metro Distributors, LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

As to both plaintiffs, Judge Foschio recommended granting summary judgment in the Corporate Defendants' favor based on New York Insurance Law § 5102(d). "Under New York's Insurance Law, there is no right of recovery in tort [for a motor vehicle accident] unless a covered person sustained a 'serious injury,'" as defined by § 5102(d). *Lee v. Garvey*, 718 F. App'x 11, 13 (2d Cir. 2017) (summary order); *see also* N.Y. Ins. Law § 5104(a). Judge Foschio thoroughly reviewed Plaintiffs' medical records and concluded that Plaintiffs failed to supply sufficient evidence to establish a serious injury under § 5102(d).[2] *See* ECF No. 86 at 46-56 in 13-CV-901; ECF No. 71 at 31-38 in 15-CV-374. Plaintiffs challenge this conclusion.[3]

The Court has conducted a *de novo* review of the record, the parties' briefs, and the R&R, and it fully concurs with Judge Foschio's comprehensive and well-reasoned decision. Accordingly, because Plaintiffs have not presented sufficient evidence to establish a serious injury under § 5102(d), their personal injury claims are barred, and summary judgment in the Corporate Defendants' favor is appropriate. *See Garvey*, 718 F. App'x at 14-15. The claims against the Corporate Defendants are dismissed, and the cross-claims they brought against Bauman in 13-CV-901 are dismissed as moot.

There remains one outstanding matter: the claims against the nonmoving defendant Amarjit Singh. Singh did not join in the Corporate Defendants' motions, and so Judge Foschio did not dismiss the claims against him. However, the grounds warranting summary judgment in favor of the Corporate Defendants apply equally to Singh. Therefore, pursuant to its authority under

---

[2] Judge Foschio also made some preliminary evidentiary rulings that bore on the merits of the § 5102(d) issue. *See* ECF No. 86 at 41-44 in 13-CV-901; ECF No. 71 at 26-31 in 15-CV-374. The Court agrees with Judge Foschio's approach to those questions and adopts them.

[3] Bauman raises new arguments to demonstrate that she has sustained a serious injury under § 5102(d), but she concedes that she did not raise them to Judge Foschio. *See* ECF No. 78 at 5 n.1 in 15-CV-374. The Court declines to address them. *See Fox v. Lee*, No. 15-CV-390, 2019 WL 1323845, at *1 (N.D.N.Y. Mar. 25, 2019).

Federal Rule of Civil Procedure 56(f)(1), the Court grants summary judgment in favor of Singh, dismisses the claims against him in both actions, and dismisses as moot his cross-claims against Bauman.[4] *See* Fed. R. Civ. P. 56(f)(1) (stating that a court may "grant summary judgment for a nonmovant").

## CONCLUSION

For the reasons discussed above, the Court ADOPTS IN PART and MODIFIES IN PART Judge Foschio's R&Rs (ECF No. 86 in 13-CV-901 and ECF No. 71 in 15-CV-374). Corporate Defendants' motions for summary judgment (ECF No. 87 in 13-CV-901 and ECF No. 56 in 15-CV-374) are GRANTED; Roth's motion for summary judgment (ECF No. 71 in 13-CV-901) is DENIED; Bauman's motion for summary judgment (ECF No. 70 in 13-CV-901) is DENIED; the Corporate Defendants' motion to dismiss (ECF No. 49 in 15-CV-374) is DENIED AS MOOT; the claims against Defendant Singh are dismissed pursuant to Rule 56(f)(1); and the cross-claims brought by Defendants are dismissed as moot. The Clerk of Court shall enter judgment in both actions and close the cases.

IT IS SO ORDERED.

Dated: February 14, 2020
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court

---

[4] Generally, Rule 56(f)(1) requires that a court give the parties notice and a reasonable time to respond before granting summary judgment for a nonmovant. But the Second Circuit has made clear that a district court has the discretion to grant summary judgment even without notice, so long as the parties have had a full and fair opportunity to address the grounds for summary judgment. *See Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d 28, 33 (2d Cir. 2005). Here, the parties have fully litigated the § 5102(d) issue, and there is no reason to duplicate that briefing with respect to Singh.